## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| OTSUKA PHARMACEUTICAL, CO. LTD., <br><br> Plaintiffs, <br><br> v. <br><br> TORRENT PHARMACEUTICALS LIMITED and TORRENT PHARMA INC. and HETERO LABS LIMITED, <br><br> Defendants. | Civil Action No. 1:14-cv-01078-JBS-KMW |

## <u>TORRENT PHARMACEUTICALS LIMITED'S AND TORRENT PHARMA, INC.'S ANSWER AND COUNTERCLAIMS TO PLAINTIFF'S FIRST AMENDED COMPLAINT</u>

Defendants Torrent Pharmaceuticals Limited ("Torrent Ltd.") and Torrent Pharma Inc. ("Torrent Inc.") (collectively "Torrent") answer the First Amended Complaint of Otsuka Pharmaceutical Co., Ltd. ("Otsuka") as follows:

## THE PARTIES

1. Torrent lacks sufficient information or knowledge to admit or deny the allegations in paragraph 1 of the First Amended Complaint and therefore denies the same.

2. Admitted.

3. Admitted.

4. Torrent lacks sufficient information or knowledge to admit or deny the allegations in paragraph 4 of the First Amended Complaint and therefore denies the same.

## NATURE OF THE ACTION

5.      Torrent admits that this action purports to be for alleged infringement of U.S. Patent No. 8,017,615 ("the '615 patent") and U.S. Patent No. 8,580,796 ("the '796 patent"), and that this action purports to arise under the Patent Laws of the United States, 35 U.S.C. §§ 100 *et seq.* Torrent denies that it has infringed any valid claim of the '615 and '796 patents and that Plaintiff is entitled to the relief requested.  Torrent admits that Torrent Ltd. filed an Abbreviated New Drug Application ("ANDA") under Section 505(j) of the Federal Food, Drug and Cosmetic Act ("the Act"), 21 U.S.C. § 355(j), seeking U.S. Food and Drug Administration ("FDA") approval to engage in the commercial manufacture, use or sale of aripiprazole tablets.  Torrent denies all other allegations in paragraph 5 of the First Amended Complaint.

## JURISDICTION AND VENUE

6.      Paragraph 6 of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent that an answer is required, Torrent does not contest subject matter jurisdiction in this Court solely for purposes of Otsuka's claims against Torrent in this case.

7.      Paragraph 7 of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent that an answer is required, Torrent does not contest personal jurisdiction in this Court solely for purposes of Otsuka's claims against Torrent in this case. Torrent denies all other allegations in paragraph 7 of the First Amended Complaint.

8.      Paragraph 8 of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent that an answer is required, Torrent does not contest personal jurisdiction in this Court solely for purposes of Otsuka's claims against Torrent in this case. Torrent admits that Torrent Ltd. provided to Otsuka an Offer of Confidential Access, dated January 4, 2014, which stated in part that "[Torrent Ltd.] agrees that any claims for breach of this

2

Agreement must be brought exclusively in the courts located in the State of New Jersey and consents to the jurisdiction and venue of such courts for any such claims." Torrent denies all other allegations in paragraph 8 of the First Amended Complaint.

9.      Paragraph 9 of the First Amended Complaint contains legal conclusions to which no response is required. To the extent that an answer is required, Torrent does not contest personal jurisdiction in this Court solely for purposes of Otsuka's claims against Torrent in this case. Torrent Inc. admits that its corporate headquarters are in New Jersey. Torrent denies all other allegations in paragraph 9 of the First Amended Complaint.

10.      Torrent admits that the website http://www.torrentpharma.com/int_usa.php# states that "The world's largest market for pharmaceuticals, USA, has always been on Torrent Pharma's strategic radar. That intent has been converted in early 2004 into a concrete undertaking, a fully owned subsidiary called Torrent Pharma Inc. This was floated to serve a large and growing need for high quality yet affordable medicines in the USA." Torrent denies all other allegations in paragraph 10 of the First Amended Complaint.

11.      Torrent lacks sufficient information or knowledge to admit or deny the allegations in paragraph 11 of the First Amended Complaint and therefore denies the same.

12.      Paragraph 12 of the First Amended Complaint contains legal conclusions to which no response is required. To the extent an answer is required, Torrent does not contest venue in this Court solely for purposes of Otsuka's claims against Torrent in this case. Torrent denies all other allegations in paragraph 12 of the First Amended Complaint.

**RESPONSE TO FIRST COUNT FOR PATENT INFRINGEMENT**

13.      Torrent admits that what purports to be a copy of the '615 patent is attached to the First Amended Complaint as Exhibit A, is entitled "Low Hygroscopic Aripiprazole Drug

3

Substance and Processes for the Preparation Thereof," and on its face lists September 13, 2011, as the issue date for the '615 patent. Torrent denies all other allegations in paragraph 13 of the First Amended Complaint.

14. Paragraph 14 of the First Amended Complaint contains legal conclusions to which no response is required. To the extent an answer is required, Torrent admits that "Otsuka Pharmaceutical Co., Ltd." is listed on the face of Exhibit A as the purported "assignee" of the '615 patent. Torrent lacks sufficient information or knowledge to admit or deny the other allegations in paragraph 14 of the First Amended Complaint and therefore denies them.

15. Torrent admits that the electronic version of the *Orange Book: Approved Drug Products With Therapeutic Equivalence Evaluations* published by the FDA (the "*Orange Book*") lists the "Patent Expiration" date for the '615 patent as June 16, 2024, with a period of pediatric exclusivity expiring on December 16, 2024. Torrent denies all other allegations in paragraph 15 of the First Amended Complaint.

16. Paragraph 16 of the First Amended Complaint contains legal conclusions to which no response is required. To the extent an answer is required, Torrent denies the allegations in paragraph 16 of the First Amended Complaint.

17. Torrent admits that Otsuka is listed as the applicant for New Drug Application ("NDA") No. 21-436 for aripiprazole tablets on FDA's website with an approval date of November 15, 2002. Torrent admits that the '615 patent is currently listed in the electronic version of the *Orange Book* in connection with NDA No. 21-436. Torrent denies all other allegations in paragraph 17 of the First Amended Complaint.

18. Torrent lacks sufficient information or knowledge to admit or deny the allegations in paragraph 18 of the First Amended Complaint and therefore denies the same.

19.     Torrent admits that Torrent Ltd. submitted, to the FDA, ANDA No. 20-1519 under Section 505(j) of the Act, 21 U.S.C. § 355(j), seeking approval to manufacture, use, sale, offer to sell and import aripiprazole tablets, 2, 5, 10, 15, 20 and 30 mg in the United States.

20.     Torrent admits that Torrent Ltd. transmitted a letter dated January 4, 2014, to the holder of NDA No. 21-436 and the listed owner of the '615 patent.  Torrent further admits that the letter notified the NDA holder and the patent owner that Torrent Ltd. submitted to FDA ANDA No. 20-1519 under 21 U.S.C. § 355(j)(2)(B)(ii), which included a certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) with respect to the '615 patent.  Torrent denies all other allegations in Paragraph 20 of the First Amended Complaint.

21.     Admitted.

22.     Torrent admits that, on or about February 20, 2014, Torrent, through counsel, made available to Otsuka's counsel relevant portions of ANDA 20-1519, which establish that the aripiprazole tablets, 2, 5, 10, 15, 20, and 30 mg tablets for which Torrent Ltd. is seeking approval to manufacture, use, sale, offer to sell and import will not infringe any valid claim of the '615 patent.  Torrent denies all other allegations in Paragraph 22 of the First Amended Complaint.

23.     Torrent lacks sufficient information or knowledge to admit or deny the allegations in paragraph 23 of the First Amended Complaint pertaining to any other defendants, and therefore denies the same.  Torrent denies all other allegations in paragraph 23 of the First Amended Complaint.

24.     Denied.

## RESPONSE TO SECOND COUNT FOR PATENT INFRINGEMENT

25.     Torrent admits that what purports to be a copy of the '796 patent is attached to the First Amended Complaint as Exhibit B, is entitled "Low Hygroscopic Aripiprazole Drug

Substance and Processes for the Preparation Thereof" and on its face lists November 12, 2013, as the issue date for the '796 patent. Torrent denies all other allegations in paragraph 25 of the First Amended Complaint.

26. Paragraph 26 of the First Amended Complaint contains legal conclusions to which no response is required. To the extent an answer is required, Torrent admits that "Otsuka Pharmaceutical Co., Ltd." is listed on the face of Exhibit B as the purported "assignee" of the '796 patent. Torrent lacks sufficient information or knowledge to admit or deny the other allegations in paragraph 26 of the First Amended Complaint and therefore denies them.

27. Torrent admits that the electronic version of the *Orange Book* lists the "Patent Expiration" date for the '796 patent as September 25, 2022, with a period of pediatric exclusivity expiring on March 25, 2023. Torrent denies all other allegations in paragraph 27 of the First Amended Complaint.

28. Paragraph 28 of the First Amended Complaint contains legal conclusions to which no response is required. To the extent an answer is required, Torrent denies the allegations in paragraph 28 of the First Amended Complaint.

29. Torrent admits that Otsuka is listed as the applicant for New Drug Application ("NDA") No. 21-436 for aripiprazole tablets on FDA's website with an approval date of November 15, 2002. Torrent admits that the '796 patent is currently listed in the electronic version of the *Orange Book* in connection with NDA No. 21-436. Torrent denies all other allegations in paragraph 29 of the First Amended Complaint.

30. Torrent lacks sufficient information or knowledge to admit or deny the allegations in paragraph 30 of the First Amended Complaint and therefore denies the same.

31.     Torrent admits that Torrent Ltd. submitted to the FDA ANDA No. 20-1519 under Section 505(j) of the Act, 21 U.S.C. § 355(j), seeking approval to manufacture, use, sale, offer to sell and import aripiprazole tablets, 2, 5, 10, 15, 20 and 30 mg in the United States.

32.     Torrent admits that Torrent Ltd. transmitted a letter dated January 4, 2014, to the holder of NDA No. 21-436 and the listed owner of the '796 patent.  Torrent further admits that the letter notified the NDA holder and the patent owner that Torrent Ltd. submitted to FDA ANDA No. 20-1519 under 21 U.S.C. § 355(j)(2)(B)(ii), which included a certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) with respect to the '796 patent.  Torrent denies all other allegations in Paragraph 32 of the First Amended Complaint.

33.     Denied.

34.     Torrent admits that, on or about February 20, 2014, Torrent, through counsel, made available to Otsuka's counsel relevant portions of ANDA 20-1519, which establish that the aripiprazole tablets, 2, 5, 10, 15, 20, and 30 mg tablets for which Torrent Ltd. is seeking approval to manufacture, use, sale, offer to sell and import will not infringe any valid claim of the '796 patent.  Torrent lacks sufficient information or knowledge to admit or deny the allegations in paragraph 34 of the First Amended Complaint pertaining to any other defendants, and therefore denies the same.  Torrent denies all other allegations in Paragraph 34 of the First Amended Complaint.

35.     Torrent lacks sufficient information or knowledge to admit or deny the allegations in paragraph 35 of the First Amended Complaint pertaining to any other defendants, and therefore denies the same.  Torrent denies all other allegations in paragraph 35 of the First Amended Complaint.

## AFFIRMATIVE DEFENSES

### First Defense

Torrent Ltd. and Torrent Inc. have not and will not infringe, directly or indirectly, whether literally or under the doctrine of equivalents, any valid claim of the '615 and '796 patents by making, using, selling, offering for sale, or importing into the United States the products that are the subject of Torrent Ltd.'s ANDA No. 20-1519 ("the Torrent Products"), nor do Torrent Ltd.'s and Torrent Inc.'s activities relating to the filing of Torrent Ltd.'s ANDA No. 20-1519 result in infringement of any valid claim of the '615 and '796 patents.

### Second Defense

One or more claims of the '615 and '796 patents are invalid for failure to comply with one or more of the statutory provisions of 35 U.S.C. §§ 101 *et seq.*, including, but not limited to, §§ 101, 102, 103, and/or 112.

### Third Defense

Plaintiffs' First Amended Complaint fails to state a claim upon which relief may be granted.

### Reservation of Defenses

Torrent hereby reserves any and all defenses that are available under the Federal Rules of Civil Procedure and the U.S. Patent Laws and any other defenses, at law or in equity, that may now exist or become available later as a result of discovery and further factual investigation during this litigation.

### PRAYER FOR RELIEF

WHEREFORE, Torrent denies that Plaintiff is entitled to the judgment or relief requested in the First Amended Complaint.   Torrent specifically denies that Plaintiff is entitled to the general

or specific relief requested against Torrent, or to any relief whatsoever, and pray for judgment in favor of Torrent dismissing this action with prejudice, and awarding Torrent its reasonable attorneys' fees pursuant to 35 U.S.C. § 285, interest, and costs of this action, and such other or further relief as this court may deem just and proper.

*     *     *

### COUNTERCLAIMS

As separate and independent Counterclaims against Plaintiff Otsuka Pharmaceutical Co., Ltd. ("Otsuka"), Defendants Torrent Pharmaceuticals Limited ("Torrent Ltd.") and Torrent Pharma, Inc. ("Torrent Inc.") (collectively "Torrent") hereby allege as follows:

### THE PARTIES

1.      Torrent Ltd. is a corporation organized and existing under the laws of India, having a principal place of business at Torrent House, Off Ashram Road, Ahmedabad, 380009, Gujarat, India.

2.      Torrent Inc. is a wholly-owned subsidiary of Torrent Ltd.  Torrent Inc. is a corporation organized and existing under the laws of Delaware, with its corporate headquarters at 150 Allen Road, Suite 102, Basking Ridge, New Jersey 07920.

3.      Upon information and belief, Otsuka is a corporation organized and existing under the laws of Japan with its corporate headquarters at 2-9 Kanda Tsukasa-machi, Chiyodaku, Tokyo, 101-8535, Japan.

### JURISDICTION AND VENUE

4.      These counterclaims arise under the Patent Laws of the United States, 35 U.S.C. §§ 1 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

9

5.    The Court has jurisdiction over the subject matter of these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

6.    The Court has personal jurisdiction over Otsuka because Otsuka has availed itself of the rights and privileges of this forum by suing Torrent in this judicial district.

7.    Venue for these Counterclaims is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and 1400(b), and based on Otsuka having asserted U.S. Patent Nos. 8,017,615 ("the '615 patent") and 8,580,796 ("the '796 patent") against Torrent in this district.

## BACKGROUND

8.    Torrent repeats and realleges paragraphs 1-7 of these Counterclaims as if fully stated herein.

9.    On February 18, 2014, Otsuka filed a Complaint against Torrent alleging, *inter alia*, infringement of the '615 and '796 patents.

10.    On its face, the '615 patent states an issue date of September 13, 2011, and lists "Otsuka Pharmaceutical Co., Ltd." as assignee.

11.    On its face, the '796 patent states an issue date of November 12, 2013 and lists "Otsuka Pharmaceutical Co., Ltd." as assignee.

12.    Otsuka claims to own and have the rights to enforce the '615 and '796 patents.

13.    The current *Orange Book: Approved Drug Products With Therapeutic Equivalence Evaluations* published by the FDA (the "*Orange Book*") states that the New Drug Application ("NDA") applicant for NDA Number is 021436 is "Otsuka." The proprietary name listed for NDA Number 021436 is "Abilify." The *Orange Book* listing for NDA Number 021436 states that the active ingredient is "aripiprazole," the dosage form is "tablet; oral," and the strengths are 2 mg, 5 mg, 10, mg, 15, mg, 20 mg, and 30 mg. The Patent and Exclusivity Information for NDA

Number 021436, as provided by the *Orange Book*, lists the '615 and '796 patents, as well as U.S. Patent Nos. 5,006,528, 7,053,092, 8,642,600, 8,642,760, and 8,759,350.

14.    Torrent Ltd. filed Abbreviated New Drug Application No. 20-1519 ("the Torrent ANDA") to the FDA seeking approval to market aripiprazole tablets 2 mg, 5 mg, 10, mg, 15, mg, 20 mg, and 30 mg prior to the expiration of the *Orange Book*-listed '615 and '796 patents. The Torrent ANDA includes a certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) for the '615 and '796 patents.

15.    On January 4, 2014, Torrent Ltd. sent a letter to Otsuka pursuant to 21 U.S.C. § 255(j)(2)(B)(i) and/or (ii), informing Plaintiffs/Counterclaim-Defendants of Torrent's ANDA certification that its manufacture, use, sale, offer to sell, and/or importation into the United States of the Torrent aripiprazole tablets 2 mg, 5 mg, 10, mg, 15, mg, 20 mg, and 30 mg will not infringe any valid or enforceable claim of the *Orange Book*-listed '615 and '796 patents.  Torrent attached to its January 4, 2014 letter a detailed statement of the factual and legal bases for Torrent's ANDA certifications for the '615 and '796 patents.

16.    On or about February 20, 2014, Torrent, through counsel, made available to Otsuka's counsel relevant portions of ANDA 20-1519, which establish that the aripiprazole tablets, 2, 5, 10, 15, 20, and 30 mg, for which Torrent Ltd. is seeking approval to manufacture, use, sale, offer to sell and import will not infringe any valid claim of the '615 and '796 patents.  On information and belief, Otsuka and its counsel, on or about February 20, 2014, reviewed the relevant portions of ANDA 20-1519, which establish that the aripiprazole tablets, 2, 5, 10, 15, 20, and 30 mg, for which Torrent Ltd. is seeking approval to manufacture, use, sale, offer to sell and import will not infringe any valid claim of the '615 and '796 patents.

## ACTUAL AND CONTINUING CONTROVERSY

17.     On February 18, 2014, Otsuka sued Torrent in this judicial district alleging infringement of the '615 and '796 patents.

18.     Torrent denies infringement of the '615 and '796 patents and alleges that the '615 and '796 patents are invalid for failure to comply with one or more of the requirements for patentability set forth in Title 35 of the U.S. Patent Laws, including 35 U.S.C. §§ 101, *et seq.*

19.     There is an actual, substantial, and continuing justiciable case or controversy between Torrent and Otsuka regarding the alleged infringement and validity of '615 and '796 patents, as evidenced by Otsuka's First Amended Complaint and Torrent's First Amended Answer in this action.

## FIRST COUNTERCLAIM
### (Declaratory Judgment of Non-Infringement of the '615 Patent)

20.     Torrent restates and realleges each of the foregoing paragraphs as if fully set forth herein.

21.     Otsuka has alleged that Torrent has infringed and/or will infringe the '615 patent, and Torrent has denied these allegations.

22.     The filing of the Torrent ANDA, the proposed activities of Torrent under the Torrent ANDA, and the products described in the Torrent ANDA have not, and would not, directly or indirectly infringe any valid and enforceable claim of the '615 patent, either literally or under the doctrine of equivalents.

23.     Torrent is entitled to a judicial determination that the filing of the Torrent ANDA, the proposed activities under the Torrent ANDA, and the products described in the Torrent ANDA do not and will not result in infringement of any valid claim of the '615 patent, directly or indirectly, either literally or under the doctrine of equivalents.

## SECOND COUNTERCLAIM
### (Declaratory Judgment of Non-Infringement of the '796 Patent)

24.     Torrent restates and realleges each of the foregoing paragraphs as if fully set forth herein.

25.     Otsuka has alleged that Torrent has infringed and/or will infringe the '796 patent, and Torrent has denied these allegations.

26.     The filing of the Torrent ANDA, the proposed activities of Torrent under the Torrent ANDA, and the products described in the Torrent ANDA have not, and would not, directly or indirectly infringe any valid and enforceable claim of the '796 patent, either literally or under the doctrine of equivalents.

27.     Torrent is entitled to a judicial determination that the filing of the Torrent ANDA, the proposed activities under the Torrent ANDA, and the products described in the Torrent ANDA do not and will not result in infringement of any valid claim of the '796 patent, directly or indirectly, either literally or under the doctrine of equivalents.

## THIRD COUNTERCLAIM
### (Declaratory Judgment of Invalidity of the '615 Patent)

28.     Torrent restates and realleges each of the foregoing paragraphs as if fully set forth herein.

29.     One or more of the claims of the '615 patent are invalid for failure to comply with one or more of the statutory provisions of 35 U.S.C. §§ 101 *et seq.*, including §§ 102, 103, and 112, including but not limited to invalidity over one or more of the prior art references cited during the prosecution of the '615 patent.

30.     Torrent is entitled to a judicial determination that one or more of the claims of the '615 patent are invalid for failure to comply with one or more of the statutory provisions of 35 U.S.C. §§ 101 *et seq.*, including §§ 102, 103, and 112.

## FOURTH COUNTERCLAIM
### (Declaratory Judgment of Invalidity of the '796 Patent)

31.     Torrent restates and realleges each of the foregoing paragraphs as if fully set forth herein.

32.     One or more of the claims of the '796 patent are invalid for failure to comply with one or more of the statutory provisions of 35 U.S.C. §§ 101 *et seq.*, including §§ 102, 103, and 112, including but not limited to invalidity over one or more of the prior art references cited during the prosecution of the '796 patent.

33.     Torrent is entitled to a judicial determination that one or more of the claims of the '796 patent are invalid for failure to comply with one or more of the statutory provisions of 35 U.S.C. §§ 101 *et seq.*, including §§ 102, 103, and 112.

## FIFTH COUNTERCLAIM
### (Unlawful Monopolization in Violation of the Sherman Act: Sham Litigation)

34.     Torrent restates and realleges each of the foregoing paragraphs as if fully set forth herein.

35.     This claim arises under Section 2 of the Sherman Act, 15, U.S.C. § 2 and under the Clayton Act, 15 U.S.C. §§ 15 and 26.

36.     Jurisdiction is proper under 15 U.S.C. § 4 and 28 U.S.C. §§ 1331 and 1337.

37.     Plaintiff is engaged in the development, commercialization, and marketing of OTC and prescription pharmaceutical products for the treatment of various disorders.

38.     Torrent Ltd. and Torrent Pharma Inc. are leading suppliers of generic pharmaceutical products.  A generic drug is a version of a brand-name drug that is generally sold without a trade name or trademark for the drug product.

39.     The relevant geographic market is the United States.

40.     The relevant product market is the market for aripiprazole tablets, 2, 5, 10, 15, 20, and 30 mg.

41.     By filing the Torrent ANDA, Torrent is, or will become, a direct competitor with Plaintiff in the relevant market.

42.     Plaintiff has, and has exercised, monopoly power in the relevant market.

43.     Plaintiff has the power to control prices and/or exclude competition in, or prevent entry into, the relevant market.

44.     Substantial barriers to entry into the relevant market exist, including, but not limited to, regulatory requirements and Plaintiff's actions to preclude Torrent's entry, including but not limited to, Plaintiff's present action for infringement of the '615 and '796 patents.

45.     Plaintiff's actions, as described herein, evidence their specific intent to restrain competition, attempt to monopolize and to monopolize the relevant market.  Plaintiff has engaged in an overall predatory scheme to monopolize the relevant market through, but not limited to, initiating objectively baseless and sham judicial proceedings designed to effectuate their monopoly of aripiprazole tablets, 2, 5, 10, 15, 20, and 30 mg.

46.     These judicial proceedings are not a genuine effort to obtain an adjudication of a valid claim that is infringed but rather were instituted to achieve an unlawful objective to the detriment of competition in the relevant market.  The purpose of such action is to directly interfere

with and to harm Torrent's business in the relevant market, and to forestall, frustrate and prevent competition by Torrent.

47. Plaintiff's anticompetitive and monopolistic actions evince its overall predatory scheme to injure or destroy competition in the relevant market. Plaintiff has baselessly and improperly wielded the '615 and '796 patents as anticompetitive weapons in order to consolidate, entrench and enhance their monopolistic position in the relevant market and to stifle and eliminate competition and competitors with no economic, market or competitive benefit.

48. Plaintiff initiated litigation after Torrent provided portions of the Torrent ANDA which clearly indicate that the products described in Torrent's ANDA are not covered by any claims of the '615 and '796 patents.

49. On information and belief, the patent infringement claims that Plaintiff asserted in this lawsuit against Torrent are objectively baseless. No reasonable litigant could expect to secure favorable relief against Torrent upon the merits under the '615 and '796 patents. Plaintiff brought their patent infringement claims in bad faith, for an improper purpose, and as a means of directly interfering with and harming Torrent's business and in order to forestall, frustrate and prevent competition by Torrent.

50. On information and belief, Plaintiff intentionally engaged in the exclusionary conduct alleged herein with the express purpose of achieving and maintaining monopoly power in the market of aripiprazole tablets, 2, 5, 10, 15, 20, and 30 mg. Plaintiff's litigation filed against Torrent alleging infringement of the '615 and '796 patents is both objectively and subjectively baseless.

51.     Plaintiff's litigation filed against Torrent alleging infringement of the '615 and '796 patents constitutes sham litigation and bad faith enforcement of the '615 and '796 patents.

52.     Plaintiff's anticompetitive activities are a direct, proximate, and reasonably foreseeable cause of Torrent's foreclosure from the relevant market.

53.     Plaintiff has created a dangerous probability that they will achieve their goal of monopolizing the relevant market.  Plaintiff's market share in the relevant market, coupled with other market structure and conduct evidence, including, but not limited to, the lack of competition for aripiprazole tablets, 2, 5, 10, 15, 20, and 30 mg, the likely effect of competitive entry, the nature of the anticompetitive conduct alleged herein, and related economic and market factors, constitute a dangerous probability that Plaintiff will succeed in their efforts to maintain a monopoly in the relevant market.

54.     But for Plaintiff's actions alleged herein, Plaintiff's market share in the relevant market would have decreased with the addition of Torrent in the relevant market, to the benefit of competition and consumers in the relevant market.

55.     On information and belief, Plaintiff has not acted to advance their position by competing on the merits in the relevant market, but solely to exclude potential competition from an alternate source in the relevant market.

56.     The effect of Plaintiff's overall scheme, course of conduct and attempt to monopolize will be to unreasonably restrain trade and commerce in the relevant market, and permit Plaintiffs to monopolize the relevant market in violation of Section 2 of the Sherman Act, 15 U.S.C. § 2.

57.     Plaintiff's exclusionary, anticompetitive and unlawful activities, as alleged herein, threaten loss or damage to Torrent by forestalling, frustrating and preventing Torrent's ability to compete in the relevant market.

58.     As a result of Plaintiff's exclusionary, anticompetitive and unlawful actions, Torrent has suffered, and will continue to suffer, injury to their business and property, including lost profits and business opportunities.

## SIXTH COUNTERCLAIM
**(Declaratory Judgment of Unenforceability of the '615 and '796 Patents for Patent Misuse)**

59.     Torrent restates and realleges each of the foregoing paragraphs as if fully set forth herein.

60.     Plaintiff does not have any good faith factual basis to allege that the products described in the Torrent ANDA infringe any claim of the '615 and '796 patents, and nevertheless filed and are continuing to maintain this lawsuit.

61.     Plaintiffs filed this action without regard for the merits of its infringement claims and instead did so for the purpose of delay Torrent's entry in into the marketplace for aripiprazole tablets by, *inter alia*, burdening Torrent with litigation costs and making baseless accusations of infringement.

62.     The claims of the '615 and '796 patents are unenforceable as a result of Plaintiff's patent misuse, including Plaintiff's bad faith assertion of the '615 and '796 patents against Torrent.

* * * *

18

## Prayer for Relief

WHEREFORE, Torrent Ltd. and Torrent Inc. respectfully request this Court to enter judgment against Otsuka:

(a) Denying all relief sought in the First Amended Complaint and dismissing the First Amended Complaint herein with prejudice;

(b) Declaring that the manufacture, use, sale, offer for sale, or importation of the drug products that are the subject of ANDA No. 20-1519 have not infringed, do not infringe and would not, if marketed, used, sold, offered for sale, or imported, directly infringe any valid claim of the '615 and '796 patents, either literally or under the doctrine of equivalents, by inducement of infringement or otherwise;

(c) Declaring that Torrent Ltd. and Torrent Inc. have not induced and/or contributed to infringement by others, are not inducing and/or contributing to infringement by others, and will not induce and/or contribute to infringement by others;

(d) Declaring that the claims of the '615 and '796 patents are invalid;

(e) Declaring that the claims of the '615 and '796 patents are unenforceable for patent misuse;

(f) Adjudging and declaring that Otsuka has violated Section 2 of the Sherman Act and awarding Torrent damages (including costs and reasonable attorneys' fees) and that such damages be trebled;

(g) Permanently enjoining Otksuka, their officers, agents, directors, servants, employees, subsidiaries, and assigns, and all those acting under the authority of or in privity with any of them, from asserting or otherwise seeking to enforce the '615 and '796 patents against Torrent Ltd., Torrent, Inc. or any of its customers or suppliers;

(h)     Awarding Torrent Ltd. and Torrent Inc. the costs incurred by them in this action;

(i)     Declaring this case exceptional and awarding Torrent Ltd. and Torrent Inc. the

reasonable attorneys' fees and costs incurred by it pursuant to 35 U.S.C. § 285; and

(j)     Awarding Torrent Ltd. and Torrent Inc. such other relief as the Court deems just

and proper.

## DEMAND FOR JURY TRIAL

Torrent hereby demands a jury trial on all issues so triable.

Respectfully submitted,

Date:  October 22, 2014

/s/ James E. Cecchi

James E. Cecchi
(jcecchi@carellabyrne.com)
**CARELLA, BYRNE, CECCHI, OLSTEIN,
BRODY & AGNELLO, P.C.**
5 Becker Farm Road
Roseland, New Jersey 07068
(973) 994-1700  (telephone)
(973) 994-1744 (facsimile)

*Of Counsel*
A. Neal Seth (nseth@wileyrein.com)
Lawrence M. Sung (lsung@wileyrein.com)
Matthew J. Dowd (mdowd@wileyrein.com)
**WILEY REIN LLP**
1776 K Street, NW
Washington, D.C. 20006
(202) 719-7000 (telephone)
(202) 719-7049 (facsimile)

*Attorneys for Defendants Torrent
Pharmaceuticals Limited and Torrent
Pharma Inc.*